UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>WALTER KIDDE PORTABLE )<br>EQUIPMENT INC., )<br>)<br>Defendant. )<br>_____) | Civil No. 20-1172 |

**COMPLAINT FOR CIVIL PENALTY
AND PERMANENT INJUNCTIVE RELIEF**

Plaintiff, United States of America, by its undersigned attorneys, alleges:

1. This action is brought by the United States of America under the Consumer Product Safety Act, 15 U.S.C. § 2051 *et seq.* ("CPSA"), seeking a civil penalty and injunctive relief against Walter Kidde Portable Equipment, Inc. ("Kidde").

2. Kidde knowingly failed to immediately report to the Consumer Product Safety Commission ("CPSC") upon obtaining information which reasonably supported the conclusion that fire extinguishers with plastic handles manufactured by Kidde, eventually recalled on November 2, 2017, contained a defect which could create a "substantial product hazard," in violation of section 15(b)(3) of the CPSA, 15 U.S.C. § 2064(b)(3). Kidde also failed to immediately report information that its fire

extinguishers created an unreasonable risk of serious injury or death, in violation of section 15(b)(4) of the CPSA, 15 U.S.C. § 2064(b)(4).

3. Kidde also made material misrepresentations to the CPSC and knowingly used a registered safety certification mark in an unauthorized manner in the sale of fire extinguishers affected by defects.

4. The United States seeks a civil penalty and injunctive relief against Kidde for these violations of the CPSA.

## JURISDICTION AND VENUE

5. This Court has jurisdiction pursuant to 15 U.S.C. § 2071(a) and 28 U.S.C. §§ 1331, 1345, and 1355(a). Venue in this District is proper pursuant to 28 U.S.C. §§ 1391(b)-(c) and 1395(a).

## THE DEFENDANT

6. Walter Kidde Portable Equipment, Inc. is a Delaware corporation with its principal place of business in Mebane, North Carolina. Kidde is a manufacturer of the fire extinguishers at issue.

## CONSUMER PRODUCT SAFETY ACT

7. The CPSC, an independent federal regulatory agency established to protect the public against unreasonable risks of injury from consumer products, enforces the CPSA. 15 U.S.C. §§ 2051, 2053. Under the CPSA, every manufacturer of a consumer product that is distributed in commerce is required to immediately notify the CPSC of certain events. 15 U.S.C. § 2064(b).

8. Fire extinguishers constitute a "consumer product" as that term is defined under the CPSA. 15 U.S.C. § 2052(a)(5).

9. A "manufacturer" under the CPSA "means any person who manufactures or imports a consumer product." 15 U.S.C. §2052(a)(11).

10. A manufacturer "who obtains information which reasonably supports the conclusion that such product . . . contains a defect which could create a substantial product hazard" must immediately inform the CPSC "unless such manufacturer . . . has actual knowledge that the Commission has been adequately informed of such defect . . . ." 15 U.S.C. § 2064(b)(3).

11. A manufacturer of a consumer product "who obtains information which reasonably supports the conclusion that such product . . . creates an unreasonable risk of serious injury or death" must immediately inform the CPSC "unless such manufacturer . . . has actual knowledge that the Commission has been adequately informed of . . . such risk." 15 U.S.C. § 2064(b)(4). The Commission has defined "serious injury" to include any significant injury, including injuries necessitating medical or surgical treatment and lacerations requiring sutures. 16 C.F.R. § 1115.6(c).

12. The purpose of the reporting requirement in section 15(b) of the CPSA is to protect consumers from product defects which present a substantial risk of injury to the public or unreasonable risks of injury from consumer products. Companies must report "immediately" to the CPSC so that public notice to consumers and/or a remedy, such as a recall to repair or replace the product, may be sanctioned by the CPSC.

3

13. Failure to furnish information required by 15 U.S.C. § 2064(b) immediately and adequately is a prohibited act under the CPSA. 15 U.S.C. § 2068(a)(4); 16 C.F.R. 1115.22(b).

14. It is also a prohibited act under the CPSA to make a material misrepresentation to any officer or employee of the CPSC in the course of an investigation under the CPSA. 15 U.S.C. § 2068(a)(13).

15. It is also unlawful under the CPSA for any person to "sell, offer for sale, distribute in commerce, or import into the United States any consumer product bearing a registered safety certification mark owned by an accredited conformity assessment body, which mark is known, or should have been known, by such person to be used in a manner unauthorized by the owner of that certification mark." 15 U.S.C. § 2068(a)(12).

## FACTUAL ALLEGATIONS

### *Fire extinguishers failing to discharge*

16. Beginning in November 2014 and continuing until August 2017, Kidde failed to immediately and adequately report information that fire extinguishers with plastic handles manufactured by Kidde could become clogged or require excessive force to discharge and thus fail to activate during a fire emergency. Although Kidde provided some information to the CPSC regarding the discharge failures, it significantly underreported the scope and nature of the defect and risk, as well as the number of products and models affected.

4

17. In November 2014, Kidde proposed to the CPSC a recall of approximately 4.6 million fire extinguishers manufactured from July 2013 through October 2014 because the extinguishers risked not fully discharging when the lever is repeatedly pressed and released during a fire emergency, posing a risk of injury to consumers. Kidde informed the CPSC that it had determined the cause of this defect to be an out-of-specification valve component. The CPSC and Kidde announced a joint recall of the affected fire extinguishers on February 12, 2015.

18. In connection with its 2014 report to the CPSC and 2015 recall, Kidde possessed, but did not disclose to the CPSC, testing and incident data showing that the scope and nature of the defect and risk it had reported to the CPSC was false and misleading in material respects.

    a. Despite test reports showing discharge failures across many models of fire extinguishers sold over decades, and an acknowledgement from its engineers that they had "not found any components out of specification," in its November 2014 Section 15(b) report, Kidde reported to the CPSC that the defect involved an out-of-specification valve component for a more limited set of models sold for only 15 months.

    b. Despite test reports throughout December 2014 showing consistent failures across Kidde fire extinguisher models, Kidde informed the CPSC in January 2015 that 100% of its repaired fire extinguishers since November 2014 had passed performance tests. Kidde failed to disclose that

5

the repaired units were tested by a machine, as opposed to a manual test that would more accurately reflect how consumers actually used the fire extinguishers. Kidde knew that manual testing showed high failure rates across many models of fire extinguishers.

19. Also in connection with its 2014 reports to the CPSC and 2015 recall, Kidde reported 12 incidents of fire extinguishers failing to discharge to the CPSC, but Kidde had actually received reports of at least 100 incidents of fire extinguishers failing to discharge.

20. After the recall in February 2015, Kidde continued to accumulate additional reports of failures to discharge, demonstrating that the scope of the February 12, 2015 recall was far too narrow.

21. Kidde did not disclose to the CPSC the additional test and incident reports demonstrating a wider problem with its fire extinguishers' discharge mechanism until August 2017.

*Fire extinguisher nozzles dislodging*

22. Beginning as early as 2005 and continuing until August 2017, Kidde also failed to immediately report to the CPSC that it possessed information concerning nozzle detachment from fire extinguishers with plastic handles that it manufactured.

23. Kidde began receiving reports of nozzle detachment as early as 2005 and continued to receive such reports through August 2017. On November 15, 2014, Kidde engineers internally reported that testing over a previous five week period showed a high

6

occurrence of nozzles becoming dislodged from the fire extinguishers during discharge. Kidde did not provide this information to the CPSC until August 2017.

### *Failure to comply with industry standards and unauthorized use of mark*

24. Kidde knowingly sold, offered for sale, distributed in commerce or imported in the United States fire extinguishers bearing a registered safety certification mark owned by an accredited conformity assessment body. Kidde knew or should have known that its use of the registered safety certification mark was unauthorized when it discovered that its products were not compliant with consensus standards.

### *Other interactions with the CPSC*

25. During a 2015 civil penalty investigation by the CPSC regarding Kidde's reporting, Kidde materially misrepresented to the CPSC staff in the course of the staff's investigation of Kidde that the company had produced all relevant documents to the CPSC. The CPSC staff relied on Kidde's material misrepresentation in closing the civil penalty investigation.

26. In August 2017, Kidde filed a new report under section 15(b), finally revealing the true nature and scope of the intermittent discharge defect, and reporting also the nozzle detachment defect. Kidde's report under section 15(b) also revealed the actual number of products and models affected, leading to the announcement of one of the largest recalls in the CPSC's history.

## COUNT I

27. Paragraphs 1-26 are incorporated by reference and realleged as if set forth fully herein.

28. Kidde knowingly failed to immediately and adequately inform the CPSC upon obtaining information which reasonably supported the conclusion that its manufactured fire extinguishers with plastic handles contained a defect (including but not limited to, a defect or defects in design or manufacturing) that could create a substantial product hazard (i.e., a defect that could create a substantial risk of injury to the public) in violation of 15 U.S.C. §§ 2064(a)(2), 2064(b)(3), and 2068(a)(4). These violations began when Kidde obtained the information regarding the defect and continued until Kidde obtained actual knowledge that the CPSC was adequately informed of the defect or risk of injury. These violations constitute a separate offense with respect to each affected fire extinguisher.

## COUNT II

29. Paragraphs 1-26 are incorporated by reference and realleged as if set forth fully herein.

30. Kidde knowingly failed to immediately and adequately inform the CPSC upon obtaining information which reasonably supported the conclusion that its manufactured fire extinguishers with plastic handles created an unreasonable risk of serious injury, in violation of 15 U.S.C. §§ 2064(b)(4) and 2068(a)(4). These violations began when Kidde obtained the information regarding the unreasonable risk of serious

injury and continued until Kidde obtained actual knowledge that the CPSC was adequately informed of the unreasonable risk of serious injury. These violations constitute a separate offense with respect to each affected fire extinguisher.

## COUNT III

31. Paragraphs 1-26 are incorporated by reference and realleged as if set forth fully herein.

32. Kidde made material misrepresentations to an officer or employee of the CPSC in the course of an investigation under the CPSA, in violation of 15 U.S.C. § 2068(a)(13). In its November 2014 report under section 15(b), and in subsequent communications related to the 2015 recall, Kidde materially misrepresented the scope of the products subject to the recall by underreporting the number of fire extinguishers containing an intermittent discharge defect. Kidde also failed to report information relating to the nozzle-detachment defect, despite having test reports showing such a defect and reports of the defect from consumers.

## COUNT IV

33. Paragraphs 1-26 are incorporated by reference and realleged as if set forth fully herein.

34. Kidde made a material misrepresentation to an officer or employee of the CPSC in the course of an investigation under the CPSA, in violation of 15 U.S.C. § 2068(a)(13). Kidde materially misrepresented to the CPSC that the intermittent discharge defect involved an out-of-specification valve component affecting only a

9

limited set of models. Kidde also materially misrepresented its knowledge of incident reports it had received in connection with the intermittent discharge defect.

## COUNT V

35. Paragraphs 1-26 are incorporated by reference and realleged as if set forth fully herein.

36. Kidde made a material misrepresentation to an officer or employee of the CPSC in the course of an investigation under the CPSA, in violation of 15 U.S.C. § 2068(a)(13). In 2015, Kidde misrepresented that it was producing all relevant documents in the course of a civil penalty investigation.

## COUNT VI

37. Paragraphs 1-26 are incorporated by reference and realleged as if set forth fully herein.

38. Kidde knew or should have known that it was using a registered safety certification mark owned by an accredited conformity assessment body in an unauthorized manner, in violation of 15 U.S.C. § 2068(a)(12).

## JURY DEMAND

The United States demands a trial by jury on all Counts so triable.

## RELIEF REQUESTED

WHEREFORE, the United States respectfully requests that this Court:

i. Assess a civil penalty, as authorized by 15 U.S.C. § 2069, against Kidde for each separate violation and the related series of violations alleged in Counts I and II of this Complaint;

ii. Assess a civil penalty, as authorized by 15 U.S.C. § 2069, against Kidde for each misrepresentation of material facts made to CPSC staff;

iii. Assess a civil penalty, as authorized by 15 U.S.C. § 2069, against Kidde for its unauthorized use of the mark of an accredited conformity assessment body;

iv. Award injunctive relief, as authorized by 15 U.S.C. § 2071, against Kidde including but not limited to relief that would: (1) require Kidde to comply with the reporting requirements of the CPSA and its accompanying regulations; (2) take steps to assure such compliance by requiring Kidde to establish internal record keeping and compliance monitoring systems, and related internal controls, designed to provide timely reports to the CPSC whenever Kidde obtains information which reasonably supports the conclusion that any of its products contains a defect which could create a substantial product hazard or creates an unreasonable risk of serious injury to consumers; (3) require Kidde to report and provide certifications regarding its products' compliance with the CPSA to the United States and to the CPSC; and (4) provide for liquidated damages in the event that Kidde fails to comply with any relief ordered by the Court; and

v.  Award the United States judgment for its costs and for such other and further relief that this Court deems just and proper.

Dated: December 30, 2020                    Respectfully submitted,

OF COUNSEL:                                 JEFFREY BOSSERT CLARK
                                            Acting Assistant Attorney General
J. GIBSON MULLAN                            United States Department of Justice
General Counsel                             Civil Division

MELISSA V. HAMPSHIRE                        GUSTAV W. EYLER
Assistant General Counsel                   Director
                                            Consumer Protection Branch
PATRICIA K. VIEIRA
Attorney                                    ALLAN GORDUS
Office of the General Counsel               Assistant Director
U.S. Consumer Product Safety
Commission                                  /s/ Daniel E. Zytnick
Bethesda, MD 20814                          Claude F. Scott
                                            Daniel E. Zytnick
                                            Trial Attorneys
                                            Consumer Protection Branch
                                            U.S. Department of Justice
                                            P.O. Box 386
                                            Washington, DC 20044
                                            Tel. 202-514-9471, 202-598-8337
                                            Facsimile: 202-514-8742
                                            claude.scott@usdoj.gov
                                            daniel.e.zytnick@usdoj.gov