IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:20CV208 |
| | ) | |
| WALTER KIDDE PORTABLE | ) | |
| EQUIPMENT INC., | ) | |
| a Delaware corporation, | ) | |
| | ) | |
| Defendant. | ) | |

**CONSENT DECREE OF CIVIL PENALTY AND PERMANENT INJUNCTION**

Plaintiff, the United States of America, has commenced this action by filing a Complaint for Civil Penalty and Permanent Injunctive Relief pursuant to 15 U.S.C. §§ 2068(a)(4) and (a)(13), 2069, and 2071(a), against Walter Kidde Portable Equipment Inc. ("Kidde"). (ECF No. 1). Kidde has waived service of the summons and the Complaint.

The parties have agreed to settlement of all allegations in the Complaint and consent to the entry of this Consent Decree of Civil Penalty and Permanent Injunction ("Decree"). Therefore, it is hereby ORDERED, ADJUDGED, and DECREED as follows:

1. In its Complaint, the United States alleges that Kidde knowingly violated the Consumer Product Safety Act ("CPSA") by failing to immediately furnish to the Consumer Product Safety Commission ("CPSC" or "Commission") the information required by 15 U.S.C. § 2064(b) in violation of 15 U.S.C. § 2068(a)(4) and § 2069. The Complaint alleges that Kidde failed to timely report information it obtained which reasonably supported the conclusion that certain fire extinguishers (1) contained a defect which could create a

1

substantial product hazard, or (2) created an unreasonable risk of serious injury or death.

2. The United States further alleges in the Complaint that Kidde knowingly violated the CPSA's prohibition on making a material misrepresentation to an officer or employee of the CPSC in the course of an investigation under the CPSA in violation of 15 U.S.C. § 2068(a)(13) and 2069. The Complaint alleges that Kidde knowingly made material misrepresentations to the CPSC regarding: (1) the scope of products subject to a recall, (2) Kidde's knowledge of relevant incidents and testing in connection with a recall, and (3) the extent of information known to the Kidde in a civil penalty investigation initiated after a recall in violation of 15 U.S.C. § 2068(a)(13).

3. The United States further alleges in the Complaint that Kidde knowingly sold, offered for sale, distributed in commerce or imported into the United States certain fire extinguishers bearing a registered safety certification owned by an accredited conformity assessment body, which mark should have been known to be used in a manner unauthorized by the owner of that certification mark. *Id.* §§ 2068(a)(12) and 2069.

4. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1345, 1355(a) and 15 U.S.C. § 2071(a)(1).

5. Venue in this District is proper pursuant to 28 U.S.C. §§ 1391(b), (c), and 1395(a).

6. The Complaint states a claim upon which relief may be granted against Kidde under the CPSA. 15 U.S.C. §§ 2068(a)(4) and (13), 2069(a), 2071(a).

7. At all relevant times, Kidde was a "manufacturer," as defined in 15 U.S.C. § 2052(a)(11), of the fire extinguishers that are the subject of the Complaint.

8. Kidde enters into this Decree freely and without coercion. Kidde further

2

acknowledges that it has read the provisions of this Decree and is prepared and able to abide by them.

9. The United States believes settlement of this case on the terms described below is in the public interest and that injunctive relief is necessary to prevent future violations of the CPSA.

10. The United States enters into this agreement based on the individual facts and circumstances presented in this case, including Kidde's representations regarding changes made by Kidde related to CPSA reporting obligations. Those changes, on which the United States takes no position, include changes in leadership, structure, personnel, data analytics, and internal messaging regarding consumer product safety, and improvements to its compliance program to ensure timely reporting to the Commission in the future.

11. Kidde agrees that the injunctive relief and miscellaneous provisions of this Decree are proper to address the alleged CPSA violations at issue in this case. Kidde does not admit that the law has been violated and believes settlement is appropriate to avoid the time and expense of litigation.

12. Kidde waives any claim that it may hold under the Equal Access to Justice Act, 28 U.S.C. § 2412, concerning the prosecution of this action through the date this Decree is entered by the Court. All parties agree to bear their own fees, costs, and attorneys' fees.

## I. CIVIL PENALTY

A. Kidde shall pay twelve million dollars ($12,000,000.00) to the United States as a civil penalty, pursuant to 15 U.S.C. § 2069. Within fourteen (14) calendar days after the later of (a) entry of this Decree and (b) receipt of appropriate wire instructions from the

United States, Kidde shall transfer the civil penalty payment in the form of an electronic fund transfer in accordance with the procedures specified by the Consumer Protection Branch, Civil Division, U.S. Department of Justice, Washington, DC 20530 ("DOJ-CPB").

B. In the event of any default in payment required in Paragraph A, the entire unpaid amount shall constitute a debt due and immediately owing by Kidde to the United States, and interest shall accrue and be paid by Kidde at the federal legal rate of interest set forth at 28 U.S.C. § 1961 from the date of default until the payment has been paid in full.

C. Kidde relinquishes all dominion, control, and title to the funds paid to the fullest extent permitted by law. Kidde shall make no claim to or demand for return of the funds, directly or indirectly, through counsel or otherwise.

D. The judgment amount set forth in this Section represents a civil penalty owed to the United States Government, is not compensation for actual pecuniary loss, and, therefore, is not subject to discharge under the Bankruptcy Code pursuant to 11 U.S.C. § 523(a)(7).

E. Without admitting any fact or allegation in the Complaint, Kidde agrees that the facts as alleged in the Complaint filed in this action shall be taken as true, without further proof, solely for purposes of any subsequent civil litigation filed by or on behalf of the United States to enforce its rights to payment under this Section.

## II.  INJUNCTIVE RELIEF

A. Consistent with the CPSA, Kidde shall immediately report to the CPSC when it obtains information which reasonably supports the conclusion that any consumer product distributed in commerce and manufactured or imported by Kidde, contains a defect which could create a "substantial product hazard" (as defined by 15 U.S.C. § 2064(a)) or creates an

unreasonable risk of serious injury or death, as defined in 15 U.S.C. § 2064(b)(3) and (b)(4), and the implementing regulations in Part 1115 of Title 16 of the Code of Federal Regulations.

B. Kidde shall continue to operate under a compliance program designed to ensure compliance with the safety statutes and regulations enforced by the Commission and that, at a minimum, contains the following elements:

  i. written standards and policies, including those designed to ensure that information relevant to CPSA compliance is conveyed effectively to personnel responsible for compliance, whether or not an injury is referenced;
  ii. a mechanism for confidential and/or anonymous employee reporting of compliance-related questions or concerns to either a compliance officer or to another senior manager with authority to act as necessary;
  iii. procedures for reviewing claims and reports for safety concerns and for implementing corrective and preventive actions when compliance deficiencies or violations are identified;
  iv. effective communication of company compliance-related policies and procedures to all employees through regular training programs or otherwise;
  v. assurance that testing of consumer products manufactured or imported by Kidde complies with the relevant protocols set out by applicable consensus standards;
  vi. a process for ensuring that all testing regimens used to achieve third party certifications are fully disclosed to the certifying body;
  vii. senior manager participation and responsibility for compliance and accountability for violations of the statutes and regulations enforced by the Commission;
  viii. oversight of safety compliance by a Kidde or equivalent company governing body; and
  ix. retention of all records reasonably related to compliance with the safety statutes enforced by the CPSC for at least five (5) years and the availability of such records to CPSC staff upon reasonable request.

C. Kidde shall continue to operate under a system of internal controls and procedures designed to ensure that:

5

> i. information required by law to be disclosed by Kidde to the CPSC is recorded, processed, and reported to the CPSC in accordance with applicable law;
>
> ii. all reporting made to the CPSC is timely, truthful, complete, and accurate; and
>
> iii. prompt disclosure is made to Kidde's management of any known material deficiencies or material weaknesses in the design or operation of such internal controls that are likely to adversely affect in any material respect Kidde's ability to record, process, and report to the CPSC in accordance with applicable law.

D. For a period of three (3) years from the entry of this Decree by the Court, Kidde shall provide to the CPSC or DOJ-CPB written documentation of such improvements, processes, and controls, including, but not limited to, the effective dates of such improvements, processes, and controls, upon reasonable request by the CPSC staff or by DOJ-CPB, and in accordance with a mutually agreeable schedule. Kidde shall cooperate fully and truthfully with CPSC staff and DOJ-CPB and make available all information, materials, and personnel necessary for CPSC staff and DOJ-CPB to evaluate Kidde's compliance with the terms of the Decree. The provision for maintaining the confidentiality of information covered by 15 U.S.C. § 2055 applies to this paragraph.

E. Kidde shall ensure that Kidde's Managing Director, or another executive officer whose responsibilities include compliance with the CPSA, after consultation with other safety officers within Kidde, shall provide a certification to the CPSC and DOJ-CPB that Kidde is in compliance with Paragraphs II.B and II.C on an annual basis for three years from the date this Decree is entered by the Court. Based on his or her review, the certifying officer shall submit to the CPSC and DOJ-CPB a certification stating that, to the best of his or her knowledge based on a reasonable inquiry, during the preceding year, Kidde complied with all its obligations under Paragraphs II.B and II.C of this Decree. The certification shall

6

Case 1:20-cv-01172-LCB-JEP   Document 3   Filed 01/04/21   Page 6 of 10

summarize Kidde's compliance by, at a minimum, describing the activities of management employees responsible for ensuring compliance with Paragraphs II.B and II.C of this Decree, and describing the adoption and implementation of any new or substantively revised policies, procedures, and practices that relate to such compliance.  If the certifying officer is unable to provide any part of this certification as specified herein, he or she shall provide a detailed explanation of why he or she is unable to provide such certification.  The certification and detailed explanation shall be sworn to under the pains and penalty of perjury in the United States.

      F.      Within ten (10) calendar days after the entry of this decree, Kidde shall provide a copy of this decree to each and all of its directors, officers, and in-house attorneys with responsibilities that pertain to the testing, manufacture, or quality of fire extinguishers, including at both its Mebane, North Carolina and Matamoros, Mexico facilities.  Within twenty (20) calendar days after entry of this Decree, Kidde shall make accessible a copy of this decree to all of Kidde's employees involved in the testing, manufacture, or quality of fire extinguishers.  Kidde shall ensure that the Decree remains accessible for no less than twelve (12) months.  Within thirty (30) business days of the date of entry of this decree, Kidde shall provide to the CPSC and DOJ-CPB an affidavit of compliance, stating the fact and manner of compliance with the provisions of this paragraph.

### III. MISCELLANEOUS PROVISIONS

      A.      This Decree shall be binding on the successors and assigns of Kidde, and any such successors and assigns shall be subject to the terms of this Decree.

      B.      For a period of three years from the entry of this Decree by the Court, Kidde shall notify the CPSC and DOJ-CPB in writing within ten (10) calendar days after any

reorganization, consolidation, merger, acquisition, dissolution, assignment, sale, transfer or similar transaction or series of transactions resulting in a successor entity, the transfer or disposition of substantially all of the assets of Kidde or any other changes in corporate structure that Kidde determines in good faith may affect its implementation of compliance obligations arising out of this Decree.

C. Kidde shall notify the CPSC and DOJ-CPB in writing within fourteen (14) calendar days after any change in the person to which communications from the CPSC or DOJ-CPB should be addressed.

D. All notifications, certifications, reports, correspondence, and other communications to the CPSC as required by the terms of this Decree shall be addressed to the General Counsel, Office of the General Counsel, CPSC, 4330 East West Highway, Bethesda, MD 20814, and to Director, Office of Compliance and Field Operations, CPSC, 4330 East West Highway, Bethesda, MD 20814, or to an email address or addresses provided by the CPSC.

E. All notifications, certifications, reports, correspondence, and other communications to DOJ-CPB should be addressed to 450 5th St. NW, Suite 6400, Washington, D.C. 20001 (for overnight delivery) or to P.O. Box 386, Washington, D.C. 20044 (for mail), or to an email address or addresses provided by DOJ-CPB.

F. If, at any time after entry of this Decree, Kidde fails to comply with any provisions of this Decree, Kidde shall pay to the United States liquidated damages in the sum of five thousand dollars ($5,000) per violation for each day that Kidde fails to comply with the Decree. Kidde understands and agrees that the liquidated damages specified in this paragraph are not punitive in nature and that they do not in any way limit the ability of the

United States to seek, and the Court to impose, additional criminal or civil contempt penalties based on conduct that may also be the basis for the payment of liquidated damages. Nothing in this paragraph shall be construed to limit Kidde's right to contest a claim of a failure to comply with the provisions of this Decree.

G. The United States may seek reimbursement by Kidde for reasonable costs and attorneys' fees upon succeeding in a suit to enforce this Decree.

H. In the event that Kidde discovers any noncompliance with Paragraphs II.D, III.B, or III.C under this Decree, and Kidde immediately brings such violation or possible violation to the attention of the CPSC and DOJ-CPB, CPSC and DOJ-CPB agree not to seek any liquidated damages with respect to such violation or possible violation of such paragraphs. In the event the CPSC or DOJ-CPB notify Kidde of a violation of Paragraphs II.D, III.B, or III.C under this Decree, Kidde shall have thirty (30) calendar days after the date of receipt of such notice to cure such violation before being subject to any liquidated damages with respect to such paragraphs.

I. Nothing in this Decree shall be interpreted as waiving, or as an agreement to waive, the attorney-client privilege, work-product doctrine, and similar domestic or foreign privileges against disclosure.

J. The provisions of this Decree are separate and severable from one another. If any provision is stayed or determined to be invalid, the remaining provisions shall remain in full force and effect.

K. This Court retains jurisdiction of this matter for the purpose of enabling any of the parties to this Decree to apply to the Court at any time for such further orders or directives as may be necessary or appropriate for the enforcement of compliance therewith,

or for the punishment of violations thereof.

     L.     The parties, by their respective counsel, hereby consent to entry of the foregoing Decree, which shall constitute a final judgment and Order in this matter. The parties further stipulate and agree that the entry of the foregoing Decree shall constitute full, complete, and final settlement regarding the fire extinguishers at issue based on the factual allegations in the Complaint.

     SO ORDERED, this 4th day of January 2021.

                                    /s/ Loretta C. Biggs
                                    United States District Judge